UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIANE LITTLE-KING,** | : |
| Plaintiff, | : |
| | : Civil Action No. 11-5621 (MAH) |
| v. | : |
| **HAYT HAYT & LANDAU, et al.,** | : ORDER AND FINAL JUDGMENT |
| Defendants. | : |

      THIS MATTER, <u>Little-King, et al. v. Hayt, Hayt & Landau, LLC & First American Acceptance Co., LLC</u>, Case No. 2:11-cv-5621 (the "Action"), having come before the Court for a final fairness hearing on February 22, 2013, pursuant to the Court's Order Certifying Settlement Class, Preliminarily Approving Class Settlement, Approving Notice Plan, and Scheduling a Date for a Final Fairness Hearing ("Preliminary Approval Order") [ECF No. 39];[1]

      and the Court having received four objections and a motion to intervene by three of the Objectors [ECF Nos. 41-43; 46];

      and the Court having allowed the Objectors to appear and be heard on their application to intervene and their objections;

      and the Court having carefully considered the submissions, the record, and applicable law;

      and for the reasons set forth in the Court's Opinion dated September 10, 2013;

      and for good cause shown;

      IT IS on this 10th day of September, 2013,

---

[1] This order incorporates by reference the definitions in the Settlement Agreement submitted by the parties. <u>See</u> ECF No. 32-2.

ORDERED that Objectors' motion to intervene [ECF No. 46] is denied; and it is further

ORDERED that Objector's objections are overruled; and it is further

ORDERED that:

1. The prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Plaintiff and Plaintiff's Counsel have fairly and adequately represented the Settlement Class's interests; (e) questions of law and fact common to Settlement Class Members predominate over any questions only affecting individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Therefore, the Court finds it is appropriate to certify the class for the purpose of settlement.

2. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court also has personal jurisdiction over all parties to this action, including all members of the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies this action as a class action on behalf of all persons located in New Jersey and Pennsylvania according to the last known address set forth in Defendants' records, who, within one year before the date of the Original Class Action Complaint received an initial letter from Hayt, Hayt & Landau in connection with an attempt to collect a consumer debt, where the letter was materially identical to the letter sent to Plaintiff, and wherein there was a validation notice which did not state that such persons who disputed the alleged debt or were requesting the name and address of the original creditor should do so in writing.

4. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies Plaintiff Diane Little-King as Representative Plaintiff.

5. Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies Noah D. Radbil and Weisberg & Meyers as Settlement Class Counsel.

6. The Court finds Notice has been properly completed in conformity with the Settlement Agreement and Preliminary Approval Order. The Court further finds that the form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed settlement meet the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, constituted the best notice practicable under the circumstances, was reasonable, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Court finds that Settlement Agreement [ECF No. 32-2] was arrived at through arm's length negotiations conducted in good faith by Parties' counsel.

8. The Court finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23.

9. The promises and commitments of the Parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases contained therein.

10. The Court hereby finally approves the settlement set forth in the Settlement Agreement and directs the Parties to effectuate and administer the Settlement Agreement according to its terms.

11. All Settlement Class Members who have not requested to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement, this Order and Final Judgment, and all Orders entered by the Court in connection with the settlement set forth in the

Settlement Agreement. All persons who submitted valid and timely notice of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement Agreement.

12. Plaintiff and each Settlement Class Member who has not effectively opted out of the settlement shall forever release and discharge Defendants, their respective representatives, heirs, fiduciaries, administrators, executors, trustees, conservators, directors, officers, members, partners, attorneys, employees, and affiliated companies, associated companies, predecessors-in-interest, successors-in-interest and assigns, from any and all manner of action and actions, cause and causes of action, claims and controversies whatsoever, that were asserted or could have been asserted in the litigation, arising out of or related in any way, in whole or in part, to the debt collection actions and other conduct which was alleged by Plaintiff in the litigation, and was allegedly performed by Defendants during the period of September 27, 2010 through final approval.

13. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement is or may be deemed to be, or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Defendants or any creditor in any other civil action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder.[2]

14. This Action is hereby dismissed with prejudice.

---

[2] If this document is to be used in a criminal or administrative proceeding, the defendant shall be provided notice and an opportunity to be heard, unless notice or such an opportunity is precluded by law or court order.

15. The Court hereby finds that Plaintiff Diane Little-King shall be awarded $1,000.00 as damages for her individual claim in this action.

16. The Court hereby declares that Plaintiff Diane Little-King shall be entitled to receive $1,000.00 as an incentive award in recognition of the services provided by Plaintiff which have led to the benefits provided to the Settlement Class.

17. The Court hereby awards Class Counsel the total amount of $40,000.00 for attorney's fees and reimbursement of costs, to be paid by Defendants pursuant to the Settlement Agreement's terms.

18. The Clerk of Court may enter judgment in accordance with the terms of this Order and Final Judgment.

19. The Court, without affecting the finality of this Order and Final Judgment, retains jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment.

20. A list of those persons who have timely submitted requests to be excluded from the class is attached hereto as Exhibit A.

    *s/ Michael A. Hammer*_____
    Hon. Michael A. Hammer
    United States Magistrate Judge

## EXHIBIT A

| Excluded Class Members (Opt-Out Claimant) |
|---|
| Nguyen, Nuong |
| Phan, Trahn |
| Eiden, Kenneth J. |
| Frazier, Barbara |
| Scappe, Joanne M. |
| Holt, Gerard W. |
| Curlovich, John M. |
| Moore, Lane S. |
| Neiswonger, Ruth |
| Neiswonger, Walter |
| Johnson, Malikatah |
| Snejko, Oleg |
| Sutfin, Elonda H. |
| Escobar, Charlotte |
| Rocky Ridge Veal Farm |
| Mitchell, Dannette J. |
| Meck, Nancy |
| Blanding, Roslyn |
| Obeid, Alain R. |
| Weeks, Robert |
| Sevrey, Kirk D. |
| Dalton, Sondra |

As of February 22, 2013